James Weiler; AZ Bar No. 034371
Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Ryan Hull**, an Arizona Resident and **Andrew Klein**, an Arizona Resident;<br><br>Plaintiff,<br><br>v.<br><br>**Calcon Mutual Mortgage, LLC d/b/a OneTrust Home Loans** a Delaware limited liability company,<br><br>Defendant. | Case No.<br><br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiffs Ryan Hull and Andrew Klein ("**Named Plaintiffs**"), individually, and on behalf of all other persons similarly situated for his Collective Action Complaint against Defendant Calcon Mutual Mortgage, LLC d/b/a OneTrust Home Loans ("**Defendant**"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs and the Collective Members[1] are current and former dialers, pre-

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

approval managers, director, loan processors, loan officer assistants, Loan Consultants, Loan Production Assistants, Branch Pre-Approval Managers, CRM managers, loan officers, inside sales representatives or similarly titled and/or have similar job duties and responsibilities, employed by Defendant.

2. Plaintiffs bring this action on behalf of themselves and all other similarly situated Collective Members who were not compensated for their correct overtime wages.

3. Plaintiffs and the Collective Members were compensated hourly and/or salary plus commissions and/or bonuses.

4. Plaintiffs and the Collective Members' commissions and/or bonuses were not factored into the calculation of their regular rate of pay.

5. Plaintiffs and the Collective Members worked over 40 hours, off the clock, without overtime compensation.

6. During their employment, Plaintiffs and the Collective Members worked hours in excess of 40 hours in a given work week.

7. Plaintiffs and the Collective Members were not paid appropriate overtime for all time worked in excess of 40 hours in a given workweek.

8. Plaintiffs and the Collective Members bring this action against Defendant for their unlawful failure to pay their overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

9. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

10. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-

exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

### JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs occurred within the District of Arizona, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

13.     Plaintiffs were employed by Defendant in this District.

### PARTIES

14.     At all relevant times to the matters alleged herein, Plaintiff Ryan Hull resided in the District of Arizona.

15.     At all relevant times to the matters alleged herein, Plaintiff Ryan Hull was a full-time employee of Defendant or an associated company of Defendant from in or around May 2022, to on or around March 22, 2024.

16.     At all relevant times, Plaintiff Ryan Hull and the Collective Members were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

17.     At all relevant times, Plaintiff Ryan Hull and the Collective Members were non-exempt employees.

18.     At all relevant times to the matters alleged herein, Plaintiff Andrew Klein resided in the District of Arizona.

19.     At all relevant times to the matters alleged herein, Plaintiff Andrew Klein

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

was a full-time employee of Defendant or an associated company of Defendant from in or around March 2022, to on or around March 22, 2024.

20.     Defendant is a company authorized to do business in Arizona.

21.     Defendant was Plaintiffs' and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

22.     Upon reasonable belief, Plaintiffs' and the Collective Members', in their work for Defendant, are or were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

23.     Upon reasonable belief, Plaintiffs' and the Collective Members', in their work for Defendant, are or were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

24.     Upon reasonable belief, Plaintiffs' and the Collective Members', in their work for Defendant, are or were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

25.     Upon reasonable belief, Plaintiffs' and the Collective Members', in their work for Defendant, are or were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

26.     Upon reasonable belief, Plaintiffs' and the Collective Members', in their work for Defendant, are or were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2025.

27.     Upon reasonable belief, Plaintiffs' and the Collective Members', in their work for Defendant, are or were employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2026.

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

28. At all relevant times, Plaintiffs and the Collective Members, in their work for Defendant, are or were engaged in commerce or the production of goods for commerce.

29. At all relevant times, Plaintiffs and the Collective Members, in their work for Defendant, are or were engaged in interstate commerce.

30. Plaintiffs and the Collective Members, in their work for Defendant, regularly handle and/or handled goods produced and transported in interstate commerce.

31. Plaintiffs and the Collective Members would communicate regarding business matters via telephone and the internet.

32. Plaintiffs and the Collective Members are covered employees under individual coverage.

33. Plaintiffs and the Collective Members are covered employees under enterprise coverage.

## **FACTUAL ALLEGATIONS RELATING TO PLAINTIFF HULL**

34. Defendant is a company which conducts mortgage-related business.

35. Plaintiff Ryan Hull was an employee of Defendant or a related entity from in or around May 2022 until on or around March 22, 2024.

36. Plaintiff Andrew Klein was again an employee of Defendant or a related entity from in or around March 1, 2022, to on or around March 22, 2024.

37. During Plaintiff's employment with Defendant, Plaintiff Ryan Hull worked for Defendant with the title of Production Partner, Loan Consultant or Loan Officer Assistant.

38. During Plaintiff's employment with Defendant, Plaintiff Andrew Klein worked for Defendant with the title of Sales Manager, Production Partner, or Loan Officer.

39. During their employment, Plaintiffs' primary job duties included communicating with prospective borrowers to sell residential loans, obtaining documents from potential borrowers, working with prospective borrowers through the preparation of their loan packages for processing, customer service, coordinating loan closings, and administrative tasks.

40. Plaintiff Ryan Hull estimates that he worked between 50-60 hours per workweek.

41. For example, the week of October 8, 2023 through October 14, 2023, Plaintiff Ryan Hull estimates that he worked at least 50 hours.

42. Plaintiff Andrew Klein estimates that he worked approximately 70 hours per workweek.

43. For example, the week of October 8, 2023 through October 14, 2023, Plaintiff Andrew Klein estimates that he worked approximately 70 hours.

44. Plaintiffs did not manage any employees or perform managerial duties.

45. Plaintiffs were paid a low hourly rate plus commissions.

46. Plaintiff Klein for a period of time was paid a salary plus commissions.

47. Defendant misclassified Plaintiff Klein as an exempt Sales Manager.

48. Plaintiff Klein did not perform the job duties of an exempt employee.

49. Plaintiffs were not paid overtime for all hours worked despite working more than 40 hours in a given work week.

50. When paid hourly, Plaintiffs were not permitted to report all of their overtime hours and was not paid for all hours worked over 40 hours.

51. Upon information and belief, Defendant structured Plaintiffs' compensation

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

in this manner to avoid paying overtime to employees they required to work in excess of 40 hours on a regular basis.

52. At all relevant times, Plaintiffs have routinely worked over 40 hours per week.

53. At all relevant times, Plaintiffs did not receive compensation for all overtime hours worked.

54. As a result, at all relevant times, Defendant failed to pay Plaintiffs' overtime at a rate of 1.5 times Plaintiffs' regular rate of pay pursuant to the FLSA.

55. Defendant did not incorporate Plaintiffs' commissions or bonuses into their overtime rate of pay.

56. Defendant would deduct any overtime compensation paid to Plaintiffs from their earned commissions.

57. Defendant were aware that Plaintiffs' working hours routinely exceeded 40 hours.

58. Defendant permitted, and in fact required, Plaintiffs to work overtime as a condition of their employment.

59. Plaintiffs understood that if they did not work overtime hours, that their employment could be terminated.

60. Defendant refused to pay Plaintiffs for each hour they worked in excess of 40 hours per week.

61. Defendant refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

62. Defendant's failure and/or refusal to compensate Plaintiffs at the rates and

amounts required by the FLSA were willful.

## **COLLECTIVE ACTION ALLEGATIONS**

63.     Plaintiffs, on behalf of themselves and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

65.     The proposed collective class for the FLSA claim is defined as follows:

**All employees who work[ed] for Defendant Calcon Mutual Mortgage, LLC. and/or a related entity; within the last three years; who work[ed] over 40 hours in any given workweek as a past or present dialer, pre-approval manager, director, loan processor, loan officer assistant, loan consultant, loan production assistant, production partner, branch pre-approval manager, CRM manager, sales manager, manager, loan officer, or inside sales representative (or similar job title and/or similar job duties and responsibilities) are known as (the "Collective Members").**

66.     Plaintiffs have given their written consent to be the Named Party Plaintiffs in this action pursuant to U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached as **"Exhibit 1."**  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

67.     At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the correct one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendant suffered or permitted them to work.

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

68. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical or substantially similar.

69. Plaintiffs and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated at the appropriate overtime rate by Defendant for all hours they worked over forty in a given workweek.

70. The Collective Members perform or have performed the same or similar work as Plaintiffs.

71. As such, the Collective Members are similar, if not identical, to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime pay.

72. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

73. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

74. All collective members, irrespective of their particular job requirements and job titles, are entitled to overtime compensation based upon their appropriately calculated regular rate of pay for hours worked in excess of forty (40) during a given workweek.

75. Notice of this action should be sent to all similarly situated employees.

76. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court-supervised notice of the lawsuit and the opportunity to join the

case.

77. Those similarly stated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I
## (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

78. Plaintiffs, on behalf of themselves and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

79. Plaintiffs and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

80. While employed by Defendant, Plaintiffs and the Collective Members worked numerous hours of overtime that Defendant did not pay at the correct overtime rate.

81. As a result, Defendant has intentionally failed and/or refused to pay Plaintiffs and the Collective Members all owed overtime according to the provisions of the FLSA.

82. Defendant has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

83. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal law, and Defendant was aware of the FLSA overtime requirements during Plaintiffs' and the Collective Members' employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ  85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

84. As a result of Defendant's failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one-and-one-half times Plaintiffs' and the Collective Members' adjusted regular rates of pay for work they performed for Defendant in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a).

85. Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendant:

A. Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that the Defendant committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    For the Court to provide reasonable incentive awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G.    Such other relief as this Court shall deem just and proper;

RESPECTFULLY SUBMITTED June 29, 2026.

**WEILER LAW PLLC**

By: /s/ James Weiler
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs

WEILER LAW PLLC

5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

**VERIFICATION**

Plaintiff Ryan Hull declares under penalty of perjury that he has read the foregoing Collective Action Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Ryan Hull*
_____
Ryan Hull

WEILER LAW PLLC

5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

## VERIFICATION

Plaintiff Andrew Klein declares under penalty of perjury that he has read the foregoing Collective Action Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*Andrew Klein*

_____
Andrew Klein

WEILER LAW PLLC

5050 N.40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: fd6b0c45cfdeebf6e3f9d523366e3cb4cbf73918